# U.S. District Court
# U.S. District of Minnesota (DMN)
# CIVIL DOCKET FOR CASE #: <u>0:26–cv–01043–SRB–LIB</u>
## *Internal Use Only*

| | |
|---|---|
| Quilligana Guacho v. Blanche et al | Date Filed: 02/04/2026 |
| Assigned to: Judge Stephen R. Bough | Date Terminated: 02/10/2026 |
| Referred to: Magistrate Judge Leo I. Brisbois | Jury Demand: None |
| Cause: 28:2241 Petition for Writ of Habeas Corpus (federal) | Nature of Suit: 463 Habeas Corpus – Alien Detainee |
| | Jurisdiction: U.S. Government Defendant |

**<u>Petitioner</u>**

**Cesar Antonio Quilligana Guacho**
*A221– 312–141*

represented by **Elena Victoria Modl**
Dorsey & Whitney LLP
50 South 6th Street
Ste 1500
Minneapolis, MN 55402
612–492–6988
Email: <u>modl.elena@dorsey.com</u>
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael E Rowe**
Dorsey & Whitney LLP
50 S 6th St Ste 1500
Mpls, MN 55402–1498
612–492–6724
Fax: 612–340–2828
Email: <u>rowe.michael@dorsey.com</u>
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**<u>Respondent</u>**

**Todd Blanche**
*Attorney General*

represented by **David W Fuller**
United States Attorney's Office
300 S 4th St Ste 600
Minneapolis, MN 55415
612–664–5627
Fax: 612–664–5787
Email: <u>david.fuller@usdoj.gov</u>
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Trevor Brown**
DOJ–USAO

300 S. 4th St.
Suite 600
Minneapolis, MN 55415
612–664–5600
Email: trevor.brown@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Respondent**

**Markwayne Mullin**
*Secretary, U.S. Department of Homeland Security*

represented by **David W Fuller**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Trevor Brown**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Respondent**

**Todd M. Lyons**
*Acting Director of Immigration and Customs Enforcement*

represented by **David W Fuller**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Trevor Brown**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Respondent**

**David Easterwood**
*Acting Director, St. Paul Field Office Immigration and Customs Enforcement*

represented by **David W Fuller**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Trevor Brown**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Respondent**

**Mary De Anda–Ybarra**
*Director, El Paso Field Office Immigration and Customs Enforcement*

represented by **David W Fuller**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Trevor Brown**
(See above for address)
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Respondent**

| | |
|---|---|
| **Warden**<br>*Director of the El Paso Camp East*<br>*Montana* | represented by **David W Fuller**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Trevor Brown**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

Email All Attorneys
Email All Attorneys and Additional Recipients

| Date Filed | # | Docket Text |
|---|---|---|
| 02/04/2026 | 1 | VERIFIED PETITION for Writ of Habeas Corpus or Order to Show Cause within 3 days Request for Emergency Temporary Restraining Order (filing fee $ 5, receipt number AMNDC−12631289) filed by Cesar Antonio Quilligana Guacho,. No summons requested. (Attachments: # 1 Exhibit(s) 1, # 2 Civil Cover Sheet) (Modl, Elena) Modified text on 2/5/2026 (MMP). (Entered: 02/04/2026) |
| 02/04/2026 | 2 | (Text−Only) CLERK'S NOTICE OF INITIAL CASE ASSIGNMENT. Case assigned to Judge Stephen R. Bough per Civil (3rd, 4th − Prisoner: Alien Detainee Habeas) list, referred to Magistrate Judge Leo I. Brisbois. Please use case number 26−1043.<br><br>**Notice: All Nongovernmental Corporate Parties must file a Rule 7.1 Corporate Disclosure Statement.**<br><br>(slw) (Entered: 02/04/2026) |
| 02/05/2026 | 3 | ORDER: Respondents are directed to file an answer to the petition for a writ of habeas corpus of petitioner by no later than February 9, 2026. Petitioner shall file a Reply to Respondents' answer by no later than February 11, 2026. Respondents are ENJOINED from moving petitioner outside of Minnesota until further order of the Court. If petitioner has already been removed from Minnesota, respondents are ORDERED to immediately return petitioner to Minnesota. Signed by Visiting Judge Stephen R. Bough on 2/5/2026. (tdp) (Entered: 02/05/2026) |
| 02/09/2026 | 4 | RESPONSE by Pamela Bondi, Mary De Anda−Ybarra, David Easterwood, Todd M. Lyons, Kristi Noem, Warden re 1 Petition for Writ of Habeas Corpus, . (Brown, Trevor) (Entered: 02/09/2026) |
| 02/09/2026 | 5 | DECLARATION of Zachary Knutson Rivers re 4 Response by Pamela Bondi, Mary De Anda−Ybarra, David Easterwood, Todd M. Lyons, Kristi Noem, Warden . (Brown, Trevor) (Entered: 02/09/2026) |
| 02/10/2026 | 6 | ORDER DISMISSING CASE. Signed by Visiting Judge Stephen R. Bough on 2/10/2026.(TLD) (Entered: 02/10/2026) |
| 02/10/2026 | 7 | JUDGMENT (Attachments: # 1 Civil Notice − appeal)(MMP) (Entered: 02/10/2026) |

| 04/08/2026 | 8 | NOTICE OF APPEAL TO 8TH CIRCUIT by Pamela Bondi, Mary De Anda–Ybarra, David Easterwood, Todd M. Lyons, Kristi Noem. (Brown, Trevor) (Entered: 04/08/2026) |
|---|---|---|
| 04/08/2026 | 9 | TRANSMITTAL OF APPEAL LETTER TO U. S. COURT OF APPEALS, 8TH CIRCUIT, Re: Notice of Appeal to 8th Circuit 8 . (MMP) (Entered: 04/08/2026) |

**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

---

Cesar Q.G.,

      Petitioner,

v.

Pamela Bondi, *et al.*,

      Respondents.

No. 26-cv-01043-SRB-LIB

**ORDER**

---

Before the Court is Petitioner Cesar Q.G.'s ("Petitioner") Petition for a Writ of Habeas Corpus. (Doc. #1.) For the reasons below, the Court GRANTS the habeas petition.

**Background**

Petitioner is a citizen of Ecuador. He has lived in the United States since January of 2025. Petitioner resides in Minnesota and, on or about January 26, 2026, was arrested in Minnesota. There is no evidence that he was the subject of a judicial or administrative warrant. Petitioner was subsequently taken into custody in Minnesota and then transferred to El Paso, Texas. Respondents' position is that venue is improper in Minnesota.

**Analysis**

A court may issue a writ of habeas corpus if a person "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). And district courts have authority to grant writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241(a). That power "includes jurisdiction to hear habeas challenges to immigration-related detention." *Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 965 (D. Minn. 2025). "The burden is on the petitioner to prove illegal detention by a preponderance of the evidence." *Id.*

The Court finds that the District of Minnesota is the appropriate venue to adjudicate this petition as "the venue for habeas petitions allow for equitable concerns such as convenience and appropriateness of the district." *Jose A. v. Noem*, No. 26-CV-480

1

April 8 2026 5

(JMB/ECW), 2026 WL 172524, at *2 (D. Minn. Jan. 22, 2026). In *Jose*, the petitioner was arrested in Minnesota and then transferred to El Paso, Texas. *Id.* at 4. The court found that equitable factors weighed in favor of the District of Minnesota as the appropriate venue and reasoned that

> [V]enue should not be transferred simply because a petitioner was unable to file their petition prior to transfer, particularly when that transfer was not at a petitioner's request, is wholly outside of their control, and occurs in a very short time after arrest. Transferring venue solely on the basis that a petitioner was transferred, and thereby currently detained elsewhere, could also have the effect of incentivizing forum shopping, as Respondents could quickly transfer detained individuals to a district of their choosing.

*Id.* at 4-5. Similarly, Petitioner here was arrested by ICE officers on January 26, 2026, and transferred to El Paso, Texas the same day. The transfer was due to bed space concerns. The Court agrees with the reasoning of *Jose* and finds that the District of Minnesota is the appropriate venue to adjudicate this petition.

Although Respondents did not address this issue, the Court, out of an abundance of caution, also finds that Petitioner is not "seeking admission," as set forth in § 1225(b)(2). Therefore, that provision—which mandates detention—does not apply to him. *See, e.g.*, *Belsai D.S. v. Bondi*, No. 25-cv-03682 (KMM/EMB), 2025 WL 2802947 (D. Minn. Oct. 1, 2025).

The Court further concludes that immediate release is the appropriate remedy. As U.S. District Judge Eric Tostrud recently explained, "[s]ection 1226 provides that '*[o]n a warrant issued by the Attorney General*, an alien may be arrested and detained.'" *Ahmed M. v. Bondi et al.*, 25-CV-4711 (ECT/SGE), 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026). Judge Tostrud concluded that the issuance of a warrant is a necessary prerequisite to even discretionary detention under § 1226(a), citing several decisions from other districts. *Id.* In *Ahmed M.*, the petitioner had been rearrested with no warrant and no allegation of a violation of the conditions of his previous release. Therefore, the appropriate remedy in *Ahmed M.* was immediate release rather than a detention hearing. *See also Juan S.R. v. Bondi*, 26-cv-05 (PJS/LIB) (Order (Dkt. 8), Jan. 12, 2026) (same). The Court agrees with

the reasoning of these cases. "Upon information and belief, Respondents had no such warrant." (Doc. #1, p. 23.)

## ORDER

Based on the above, and on the full record before the Court, **IT IS HEREBY ORDERED THAT:**

1. Petitioner's Petition for a Writ of Habeas Corpus (Doc. #1) is **GRANTED**.

2. The Court declares that Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and enjoins Respondents from denying release or other relief on the basis that he is subject to such mandatory detention.

3. Respondents shall immediately return Petitioner to Minnesota, but no later than 48 hours from the date of this Order.

4. Respondents shall immediately release Petitioner upon his return to Minnesota, but no later than 72 hours from the date of this Order.

5. Prior to Petitioner's release, Respondents must first notify Petitioner's legal counsel within two hours of his impending release and include the location of his release and approximate release time.

6. When Petitioner is released, Respondents must return to him any property and documents that they have taken from him, including identity documents and immigration documents.

7. Respondents may not administratively recharacterize the release granted by this Order as grounds to impose conditions or re-impose existing conditions in conjunction with release.

8. Respondents shall confirm Petitioner's release with the Court within 72 hours from the date of this Order.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: February 10, 2026                    _s/Stephen R. Bough_____
                                           Stephen R. Bough
                                           United States District Judge

# UNITED STATES DISTRICT COURT

## District of Minnesota

Cesar Antonio Quilligana Guacho,

        Petitioner(s),

v.

Pamela Bondi, Kristi Noem, Todd M.
Lyons, David Easterwood, Mary De Anda-
Ybarra and Warden,

        Respondent(s).

**JUDGMENT IN A CIVIL CASE**

Case Number: 26-cv-1043 SRB/LIB

☒ **Decision by Court**.  This action came to trial or hearing before the Court.  The issues have been tried or heard and a decision has been rendered.

  IT IS ORDERED AND ADJUDGED THAT:

1. Petitioner's Petition for a Writ of Habeas Corpus (Doc. #1) is GRANTED.
2. The Court declares that Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and enjoins Respondents from denying release or other relief on the basis that he is subject to such mandatory detention.
3. Respondents shall immediately return Petitioner to Minnesota, but no later than 48 hours from the date of this Order.
4. Respondents shall immediately release Petitioner upon his return to Minnesota, but no later than 72 hours from the date of this Order.
5. Prior to Petitioner's release, Respondents must first notify Petitioner's legal counsel within two hours of his impending release and include the location of his release and approximate release time.
6. When Petitioner is released, Respondents must return to him any property and documents that they have taken from him, including identity documents and immigration documents.
7. Respondents may not administratively recharacterize the release granted by this Order as grounds to impose conditions or re-impose existing conditions in conjunction with release.
8. Respondents shall confirm Petitioner's release with the Court within 72 hours from the date of this Order.

Date: 2/10/2026

              KATE M. FOGARTY, CLERK



# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

**Warren E. Burger Federal Building and U.S. Courthouse**
316 North Robert Street
Room 100
St. Paul, MN 55101

**Diana E. Murphy U.S. Courthouse**
300 South Fourth Street
Room 202
Minneapolis, MN 55415

**Gerald W. Heaney Federal Building and U.S. Courthouse and Customhouse**
515 West First Street
Duluth, MN 55802

**Edward J. Devitt U.S. Courthouse and Federal Building**
118 South Mill Street
Fergus Falls, MN 56537

## CIVIL NOTICE

**The appeal filing fee is $605.00. If you are indigent, you can apply for leave to proceed in forma pauperis, ("IFP").**

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals or the Federal Circuit Court of Appeals (when applicable) from a final decision of the District Court in a civil case.

*This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.*

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1.  Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or
2.  Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or
3.  Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or
4.  Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

April 8 2026 9

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 26-cv-01043-SRB-LIB

CESAR ANTONIO QUILLIGANA
GUACHO

        Petitioner,

    v.

PAMELA BONDI, *et al.,*

        Respondents.

## **NOTICE OF APPEAL**

NOTICE is hereby given that the Federal Respondents hereby appeal to the United States Court of Appeals for the Eighth Circuit from the Judgment entered by the United States District Court for the District of Minnesota on February 10, 2026 (ECF No. 7), from the Order Dismissing Case dated February 10, 2026 (ECF No. 6).

Dated: April 8, 2026

                DANIEL N. ROSEN
                United States Attorney

                *s/ Trevor Brown*

                BY:  TREVOR C. BROWN
                Assistant United States Attorney
                Attorney ID Number 396820
                600 U.S. Courthouse
                300 South Fourth Street
                Minneapolis, MN  55415
                (612) 664-5600
                trevor.brown@usdoj.gov



# UNITED STATES
# DISTRICT COURT
# DISTRICT OF MINNESOTA

**Warren E. Burger Federal Building and U.S. Courthouse**
316 North Robert Street
Room 100
St. Paul, MN 55101

**Diana E. Murphy U.S. Courthouse**
300 South Fourth Street
Room 202
Minneapolis, MN 55415

**Gerald W. Heaney Federal Building and U.S. Courthouse and Customhouse**
515 West First Street
Duluth, MN 55802

**Edward J. Devitt U.S. Courthouse and Federal Building**
118 South Mill Street
Fergus Falls, MN 56537

## TRANSMITTAL OF APPEAL

Date:  April 8, 2026

To:      U.S. COURT OF APPEALS, 8TH CIRCUIT

From:  mmp,  U.S. District Court-Minnesota

In Re:  District Court Case No. 26-cv-1043 SRB/LIB
   Eighth Circuit Case No.:  Not yet assigned
   Case Title:  Quilligana Guacho v. Blanche et al
The statutory filing fee has:
  ☐ been paid, receipt number:
  ☐ not been paid as of
    IFP ☐ is ☐ is not pending
  ☒ been waived because:
    ☐ Application for IFP granted  ☒ USA filed appeal

Length of Trial: N/A

Was a court reporter utilized? ☐ Yes ☒ No
   If yes, please identify the court reporter: